UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELISSA ANN STILWELL,<br><br>                  Plaintiff,<br><br>    v.<br><br>NANCY BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                  Defendant. | CASE NO. C17-5625 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

     This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 13), and Plaintiff Melissa Stilwell's ("Stilwell") objections to the R&R (Dkt. 14).

     On January 25, 2018, Judge Fricke issued the R&R recommending that the Court affirm Defendant's decision to deny benefits. Dkt. 13. On February 9, 2018, Stilwell filed objections. Dkt. 14. On February 13, 2018, the Government responded and moved to strike Stilwell's objections as untimely. Dkt. 15.[1] On February 16, 2018, Stilwell responded. Dkt. 16.

     The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

---

[1] The motion to strike is denied because the objections were timely. Although the R&R is dated January 25, 2018, the Clerk posted it on January 26, 2018, which is when it was electronically served.

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Stilwell objects to the R&R because the R&R seems to internally conflict. Stilwell's appeal attacks the Administrative Law Judge's ("ALJ") partial rejection of Stilwell's treating physician's opinion. Judge Fricke concluded that the ALJ properly discounted the opinion because the record did not contain sufficient medical evidence to support the severity of Stilwell's disabilities. Dkt. 13 at 5–8. Judge Fricke also addressed Stilwell's objection to the ALJ discounting this same physician's opinion on the basis of a lack of mental health treatment record. Judge Fricke concluded that, while this may have been error, the ALJ provided other sufficient reasons for discounting the opinion. *Id*. at 8–9.

Stilwell objects arguing that Judge Fricke's conclusions seem to contradict one another. First, she concludes that there is insufficient medical evidence to support the severity of the limitations, then she concludes that the lack of a medical health treatment record is not Stilwell's fault. Dkt. 14. The Court agrees that it is difficult and usually error to fault a person suffering from mental health issues for not seeking or maintaining mental health treatments. However, the lack of medical evidence is a sufficient reason to discount a treating physician's opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings.") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). What is improper is finding that the claimant lacks credibility because she failed to pursue

treatment. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility") (citing *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)). Lack of medical evidence to support an opinion and adverse credibility determinations are two different issues. Regarding the former, the Court agrees with Judge Fricke that the ALJ did not commit error.

Therefore, the Court having considered the R&R, Stilwell's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **AFFIRMED**; and

(3) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 29th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge